UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RALPH RODRIGUEZ,

                Plaintiff,

v.

MATTHEW THOMS SUPERINTENDENT,
AMY TITUS,
KELLY TRUAX,
JESSICA BURNETT,
KRISTIN SALOTTI,
KENNETH SWEET,
AARON CRAWFORD,
JANE DOE 1,
STATE OF NEW YORK,
DAVID DINELLO,
TAUSINSKI,
HAIMES,
MS. KLENME,
MS. KIM M FANELLEN,

                Defendants.
_____

**DECISION
and
ORDER**

**20-CV-751LJV(F)**

APPEARANCES:      RALPH RODRIGUEZ, *Pro Se*
                             17A0928
                             FISHKILL CORRECTIONAL FACILITY
                             Box 1245
                             Beacon, New York   12508

                             LETITIA JAMES
                             NEW YORK STATE ATTORNEY GENERAL
                             Attorneys for Defendants
                             DENETRA D. ROBERTS,
                             MICHAEL J. RUSSO,
                             Assistant Attorney Generals, of Counsel
                             350 Main Street, Suite 300A
                             Buffalo, New York   14202

      By Amended Complaint filed October 28, 2020 (Dkt. 9), in this § 1983 civil rights

action, Plaintiff alleged violations of the Americans with Disabilities Act ("ADA"),

Plaintiff's Eighth and Fourteenth Amendment Due Process and Equal Protection rights, claims for retaliation in response to Plaintiff's filing of a grievance, and a claim for *respondeat superior.* Plaintiff also alleges medical malpractice and negligence claims based on state law. Plaintiff's ADA and Eighth Amendment claims alleging Defendants' deliberate indifference to Plaintiff's serious medical conditions arise from Plaintiff's injuries incurred pre-incarceration which Plaintiff alleges were aggravated while Plaintiff was housed at the Department of Corrections and Community Supervision's ("DOCCS") Five Points facility at Romulus, New York. Plaintiff also alleges deliberate indifference to Plaintiff's dental needs. Plaintiff's Equal Protection claim is based on Defendants' disparate treatment of Plaintiff's complaint of inadequate medical care; Plaintiff's Due Process claim arises from Plaintiff's alleged unfair adjudication of a prison disciplinary proceeding.

      In response to Judge Vilardo's order (Dkt. 15) requiring Plaintiff identify several Doe defendants alleged to have been involved in providing Plaintiff with medical and dental treatment, the Attorney General filed a notice of appearance on behalf of 10 Defendants, including the State of New York. Dkt. 20. The Attorney General also filed a declaration in compliance with the requirements of *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) ("*Valentin*"), requiring the Attorney General to facilitate, with the assistance of DOCCS, the identification and service of Doe defendants in prisoner civil rights cases in this Circuit ("AG's Declaration") (Dkt. 22). The AG Declaration, in substance, stated that, at the Attorney General's request, DOCCS was unable to determine the correct identification for Defendants Tausinski, Klenme and Kim M. Fanellen, which Defendants had been subsequently identified by Plaintiff as Doe

Defendants in connection with Plaintiff's deliberate indifference claims.  See AG Declaration.  The Attorney General has therefore appeared and answered on behalf of 10 of Plaintiff's named Defendants (Dkts. 20 and 25).

Prior to Judge Vilardo's referral, limited to non-dispositive matters, of the case to the undersigned on November 19, 2021 (Dkt. 26), by papers filed October 12, 2021 (Dkt. 24), Plaintiff moves for an order directing Defendants to provide Plaintiff with a detailed listing of all DOCCS medical employees at Five Point Correctional Facility for the period 2016 to 2019 which Plaintiff asserts would enable him to identify the unserved Defendants to facilitate proper service, thereby requiring the Attorney General's subsequent appearance and answer on behalf of the correctly identified Doe defendants ("Plaintiff's motion").  The Attorney General opposed Plaintiff's motion by Declaration filed March 24, 2022 (Dkt. 29).  In the Declaration, the Attorney General states Plaintiff was provided, on November 2 and 12, 2020, with further identification information for the Doe defendants named by Plaintiff, Dkt. 29 ¶ 3, as a result of which Plaintiff was able to identify several Doe defendants, Fanellen, Klenme and Tausinski, who were administratively added on July 7, 2021 to the case.  (Dkt. 16).  However, service on those Doe defendants was returned unexecuted for inaccurate name identification.  (Dkt. 19).

In Defendants' opposition, Defendants argue Plaintiff's request is excessively broad (Dkt. 29, ¶ 8) creating an undue hardship and that Plaintiff should be directed to identify the names appearing in the Attorney General's *Valentin* response (Dkt. 29 ¶ 6) which Plaintiff is unable to read because the names are written in "script," *i.e.*, cursive

rather than lettering, *i.e.*, printing, form.  Plaintiff has not responded to the Attorney's General's contentions.

In *Valentin*, the Second Circuit required the N.Y. Attorney General collaborate with DOCCS to assist *pro se* prisoners to identify defendants in order to facilitate proper and timely service in accordance with Fed.R.Civ.P. 4(m) ("Rule 4(m)") (requiring identification and service of Doe defendants within 90-days following filing of a complaint).  *Valentin* also requires such *pro se* plaintiffs be accorded discovery to comply with this requirement, *Valentine*, 121 F.3d at 75.  Under Rule 4(m) courts may extend the 90-day period to enable plaintiff to comply based on obtaining *Valentin* required discovery.  *See Walker v. Williams*, 2018 WL 5095044, at ** 2, 4 (W.D.N.Y. Oct. 19, 2018) (directing DOCCS to provide to the plaintiff information needed to correctly identify and serve several defendants, and granting the plaintiff additional time to serve such defendants upon receiving the information from DOCCS).  Here, the court finds the Attorney General's argument to state reasonable means by which Plaintiff may obtain further *Valentin* required discovery and effect compliance with Rule 4(m).  *See Hunter v. Hill*, 2009 WL 483154, at * 2 (W.D.N.Y. Feb. 25, 2009) (county sheriff department employee's personal review of employee database for employee whose name matched that of Doe defendant was sufficient to comply with *Valentin* order).  Accordingly, Plaintiff's time for satisfying Rule 4(m) is extended to 30 days following Plaintiff's receipt of any additional identification information for the three unserved Doe defendants from the Attorney General.  To facilitate obtaining such *Valentin* discovery, Plaintiff shall, <u>within</u> <u>30</u> <u>days</u>, submit to the Attorney General's Buffalo office, Attn. Denetra D. Roberts, Assistant Attorney General, a list of the cursive names which

4

Plaintiff has referenced as potential named Defendants.  Should this procedure prove inadequate to enable Plaintiff to correctly identify and serve the remaining three Doe defendants, Plaintiff may reapply to the court for further *Valentin* relief.

As to Plaintiff's request that the court order the Attorney General to appear on behalf of the three unserved Doe defendants until Plaintiff has determined their identity, the court finds that based on the foregoing, such request is moot.  Plaintiff cites to no authority for Plaintiff's request and the court's research reveals none.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 24) is GRANTED in part and DENIED in part.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  June 1st, 2022
        Buffalo, New York

Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court **not later than 14 days** after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).